# EXHIBIT A

# PROMISSORY NOTE

163061804v2

**PROMISSORY NOTE**

**$1,716,198.25**                                                                                                              **October 5, 2023**

**Newport News, Virginia**

1.      For valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Aery Aviation, LLC a Virginia Limited Liability Company ("**Obligor**"), at 1009 Providence Boulevard, Newport News, VA 23602, hereby promises to pay to the order of Entegee, Inc., a Massachusetts corporation ("**Noteholder**"), at 33 Riverside Dr., Ste. 103, Pembroke, Massachusetts, 02359, or at such other place in the United States as the Noteholder may designate in writing, in lawful money of the United States, and in immediately available funds, the principal sum of One Million Seven Hundred Sixteen Thousand One Hundred Ninety-Eight and 00/100 Dollars ($1,716,198.25) ("**Principal**"), payable as follows:

2.      Obligor shall first pay Noteholder a lump sum payment upon the execution of this Note in the amount of One Hundred Thousand and 00/100 Dollars ($100,000.00); Obligor shall thereafter pay Noteholder in six (6) equal monthly installments of Fifty Thousand and 00/100 Dollars ($50,000.00) due on the first (1st) day of the month commencing on November 1, 2023 and continuing each consecutive month through  April 30, 2024; Obligor shall then pay Noteholder in subsequent monthly installments of Seventy-Eight thousand and 00/100 Dollars ($78,000.00) due on the first (1st) day of the month commencing on May 1, 2024 and continuing each consecutive month through August 31, 2025 (each a "**Monthly Payment**") until the Principal is paid in full. Each Monthly Payment shall be deemed paid on time if received by Noteholder within ten (10) days of the payment due date.

3.      The outstanding Principal amount of this Promissory Note may be prepaid, in whole or in part, from time to time, by the Obligor to the Noteholder at any time without any prepayment penalty or premium, provided, however, that any such payment made by Obligor shall first be allocated to pay any accrued but unpaid Default Interest, and second to Principal.

An event of default hereunder shall consist of:

(i)      the failure by Obligor to make any payment due under this Promissory Note within ten (10) days from the date such payment is due;

(ii)      any payment received timely, but deemed to be non-negotiable;

(iii)      the institution of any proceeding by or against Obligor under any present or future bankruptcy or insolvency statute or similar law and, if involuntary, or the Obligor's, assignment for the benefit of creditors or the appointment of a receiver, trustee, conservator or other judicial representative for Obligor, or Obligor being adjudicated as bankrupt or insolvent.

Subsections (i), (ii), and (iii) above are each referred to herein as an "**Event of Default.**"

4.      Upon the occurrence of any Event of Default, the entire unpaid Principal amount of this Promissory Note, including any unpaid interest, shall, at the sole option of the Noteholder, without notice, become immediately due and payable, and Noteholder shall thereupon have all the rights and remedies provided hereunder or now or hereafter available at law or in equity. Obligor hereby waives presentment, demand, protest and notice of dishonor and protest, and also waives all other exemptions, and agrees to any

163061804v2

extension or extensions of the time of payment of this Promissory Note or any part thereof that may be made before, at or after maturity by agreement by the Noteholder. The rights and remedies of the Noteholder, as provided in this Promissory Note, shall be cumulative and concurrent and may be pursued singly, successively, or together against Obligor. Any failure by the Noteholder to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any time. Obligor shall pay to the Noteholder, upon demand, all costs and expenses, including, without limitation, reasonable attorneys' fees, that may be incurred by the Noteholder in connection with the enforcement of this Promissory Note.

5.      If an Event of Default described in Section 3 occurs, default interest at the rate of Twelve Percent (12%) simple interest per annum shall accrue and compound on the outstanding and unpaid Principal and Interest until all outstanding and unpaid Principal and Interest is paid ("**Default Interest**").

6.      No amendment to or modification of this Promissory Note shall be binding upon the Noteholder unless in writing and signed by it. Any provision hereof found to be illegal, invalid or unenforceable for any reason whatsoever shall not affect the validity, legality or enforceability of the remainder hereof.  This Promissory Note shall be governed by and interpreted in accordance with the laws of the State of Virginia without regard to its conflicts of laws principles.

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, has duly executed this Promissory Note as of the date first written above.

**OBLIGOR**:

AVERY AVIATION, LLC,
A VIRGINIA LIMITED LIABILITY COMPANY


By: _____
Name :   Sean C. Boyd
Title:   Chief Finanical Officer

163061804v2